UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                         )
                                               )
                                               )   Case No. 14 B 748
DYNAMIC WRECKING & EXCAVATION, INC.,            )
                                               )
                                               )
                                               )   Chapter 11
                Debtor.                         )
                                               )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING FIRST APPLICATION OF JAMES P. ROME, ATTORNEYS FOR DEBTOR FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $13,066.00 | TOTAL COSTS REQUESTED: | $184.50 |
| TOTAL FEES REDUCED: | $3,465.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $9,601.00 | TOTAL COSTS ALLOWED: | $184.50 |

**TOTAL FEES AND COSTS ALLOWED: $9,785.50**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(4)     Insufficient Description**

The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(7)     Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk

114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: September 17, 2014

                                                                                                                                     Carol A. Doyle
                                                                                                                                     United States Bankruptcy Judge

2. This is the first Application for fees filed by Rome. Rome received no retainer. To the contrary, Rome is the holder of a pre-petition claim against the Debtor of close to $80,000 for services related to the State Cases, but agreed to continue to litigate the Cases on behalf of the Debtor anyway. But for the fortuitous recovery by the Debtor of funds regarding a breach of fiduciary duty by its former accountant, there would be no funds on hand to pay Rome, yet Rome undertook to represent the Debtor in the Cases even when prospects for payment were much slimmer.

3. As described in greater detail hereinbelows, during the period of January 10, 2014, through July 31, 2014, Rome expended a total of 41.60 hours representing the Debtor in the State Cases, billing for 37.3 hours, at $350 per hour. The fees charged by Rome were billed in accordance with his firm's customary billing rates in effect during the period for which compensation is sought. The fees are reasonably based upon customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases

4. The services and fees performed by Rome are as follows:

**FEBRUARY, 2014**

| | | | |
|---|---|---|---|
| 06 | Prepare litigation summary for Creditor's Meeting and attend Same at request of Dynamic Trustee | 2.50 | $ 875.00  -87.50 |
| 12 | Tel w/ Bk Counsel re funds being held by City. Send him copies of docs relating to MPLA and Union assignment of proceeds proposal and my revisions as e-mail attachments with summary of events surrounding each. | | |

**APRIL, 2014**

| | | | |
|---|---|---|---|
| 11 | Meet w/Bk Counsel re dispute with City hold back; review Counterclaim by Local 150 alleging fraud and breach of City Master Demo Contract and note responses; research prevailing wage determinations covering client contract period | 3.50 | $1,225.00  -122.50 |
| 17 | talk w/client re copies of ALL certified payrolls submitted from Feb 2012 thru date of last completed job | .80 | $ 280.00 |

Page 2 of 6

| | | | | |
|---|---|---|---|---|
| 18 | e-mail to BK counsel critiquing counterclaim; summarizing what went before petition and proposing post-petition representation include representation of Dynamic re City hold back dispute as well as Plote | 1.20 | $ 420.00 | |

**MAY, 2014**

| | | | | |
|---|---|---|---|---|
| 8 | Tel w/ Bk counsel re status of order authorizing JPR to continue rep Dynamic on Plote case; status dispute with City re holdback; taking on rep of Dynamic vs. Paschen | 1.00 | 350.00 | |
| 12 | Status hearing – new judge A~~rlene~~ *Eileen* Burke | 1.00 | 350.00 | |
| 13 | Tel w/client re prepping for deposition | 1.30 | 435.00 | |
|    | Client deposition by Union attorney | 5.00 | 1,750.00 | |
| ⑦ 23 | Tel w/BK counsel re Plote counterclaim and E-mail Plote and Dynamic docs; handling Paschen dispute | 1.25 | 437.50 | −43.75 |
| 28 | Tel discussion w/BK counsel re JPR Memo opposing Union Motion to Convert or Dismiss; and Plote requirement for Union-Dynamic Repayment agreement as condition pre-Cedent to Plote's executing its contracts with Dynamic | .80 | N/C | |
| ④ 30 | Prepare creditor's Memo opposing Union's Motion to Convert or Dismiss;[send to (12) Bk counsel for electronic filing] | 1.75 | N/C | |
| ④⑦ 31 | Search for Plote-Union e-mail exchanges re requirement for Dynamic-Union repayment agreement prior to Plote signing Agreements with Dynamic; prepare e-mail memo to BK Counsel, and[send with Plote-Union exchanges, and copy Of Dynamic-Union agreement] (12) | 1.25 | 437.50 | −437.50 |

**JUNE, 2014**

| | | | | |
|---|---|---|---|---|
| 12 | Tel w/client re e-mails from City on demolition work orders; | 1.00 | 350.00 | |
| ④ | Review City authorization letter; steps in process from bid To perform; response to cancellation of S. St. Lawrence job | 4.00 | 1,400.00 | −1,400.00 |
| 13 | draft e-mail to client BK counsel re actions of City regarding Dynamic's demolition contract | .75 | 262.50 | |
| 14 ⑦ | review answers to Milhouse interrogatories re request for More detail from Milhouse counsel; prepare supplements as Warranted; schedule tel conference w/counsel re same | 1.25 | 437.50 | −43.75 |

| | | | |
|---|---|---|---|
| 16 | meet w/client to discuss the importance of procedure in the BK Process. | 1.75 | N/C |
| 16 | meet w/client to discuss various issues in Plote case, including Change orders, use of aggregate instead of clay; and billing Actions | 2.00 | 700.00 |
| 19 | work on additional supplemental response request from Milhouse | 2.25 | 787.50 |
| 22 | continue drafting supplemental responses request from Milhouse | 2.25 | 787.50 |
| 25 | Status hearing – new judge A~~jlene~~ *Eileen* Burke    (4.30 N/C) | 1.00 | 350.00 |

**JULY, ~~2004~~ *2014*** 

| | | | | |
|---|---|---|---|---|
| 2 | Discuss with Client BK counsel on-going issues hamstringing Client from being able to increase business to successfully Re-organize; discuss record keeping procedures going forward ; JPR will reschedule depositions and request court reschedule next scheduled Plote hearing until after BK court completes hearing on re-organization plan on August 8. *(4)* | 2.50 | 875.00 | -875.00 |
| 3 | Review proposed contract with Waste Management; give client contact with consultant friend, who is expert in area, and can advise client | .20 | 70.00 | |
| 18 *(4)* | Supplemental responses to Milhouse interrogatories; re-send Documents, Bates Numbered to Milhouse and Plote counsels *(12)* | 1.30 | 455.00 | -455.00 |
| | | 41.60 | 13,066.00 | |
| | Total Time and Charges | $ | 13,250.60 | |

**EXPENSES**

**February, 2014**

06    Parking –Creditors' Meeting        $31.00

**April, 2014**

11    Copying prevailing wage determinations-115pp X $0.10 =$11.50