IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Dynamic Wrecking & Excavation, Inc., | ) | No. 14-00748 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

To:     Attached Service List

**NOTICE OF APPLICATION OF KEEVAN D. MORGAN AND ALANNA G. MORGAN
FOR FIRST AND FINAL COMPENSATION**

Please take notice that on March 3, 2015, at 10:00 a.m., we will appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge in Courtroom 744, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present Keevan D. Morgan and Alanna G. Morgan's First and Final Fee Application Pursuant to 11 U.S.C. 330, a copy of which is attached hereto and served upon you, at which time you may appear.

Keevan D. Morgan and Alanna G. Morgan

By:  /s/ Keevan D. Morgan

Keevan D. Morgan (1958844)
Alanna G. Morgan (6313539)
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, Illinois 60607
312.243.0006
ARDC No. 1958844

**Certificate of Service**

I, Keevan D. Morgan, an attorney, certify that I caused copies of the foregoing Notice of Motion and Motion described therein to be served upon the following Service List by email on February 11, 2015. A separate notice of the hearing and amounts requested by the Applicants was mailed by separate notice on February 10, 2015.

/s/ Keevan D. Morgan

**Service List**

To:      Kathryn.M.Gleason@usdoj.gov

sjbrown@srcattorneys.com

sclar@craneheyman.com

kie@ask-attorneys.com

TrybanTelser@cityofchicago.org

michael.kelly@usdoj.gov

warren_fuller@hotmail.com

jim@jamespromelaw.com

rasheed.bonds@dynamicwrecking.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Dynamic Wrecking & Excavation, Inc., | ) | No. 14-00748 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**APPLICATION OF KEEVAN D. MORGAN AND ALANNA G. MORGAN
FOR FIRST AND FINAL COMPENSATION AS DEBTOR'S COUNSEL**

Now come Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd. (the "Attorneys"), counsel for the Debtor, Dynamic Wrecking & Excavation, Inc., in the above captioned bankruptcy case, and hereby submit this First and Final Fee Application (the "Fee Application") pursuant to 11 U.S.C. §§ 330 of the U.S. Bankruptcy Code, requesting $57,185.00 for Attorneys' Fees. In support hereof, the Attorneys state as follows:

### §1.  Summary Of Results Obtained And Services Provided

1. In sum, the Attorneys, who did not file the petition for relief on the Debtor's behalf, appeared in the case at the request of the Debtor and the attorneys for the estate, at a time when it appeared that a reorganization plan could not be confirmed, and despite great creditor pressure and opposition, the Attorneys tipped the scales and a reorganization plan was confirmed. The Attorneys concentrated their efforts on amending the Plan and Disclosure Statement that had been filed prior to their involvement and negotiating with—and to the extent necessary beginning litigation against (through various contested motions)—various creditors, all with a mind to resolving the case.

2. The Attorneys also performed necessary services to arrange for the Debtor to continue to sell its accounts receivable to a pre-petiton "factor" should such transactions be required to keep the Debtor afloat during the case. Such sales became unnecessary when the Plan was confirmed.

3. The Attorneys also guided the Debtor through various continued confirmation hearings, which generally led to additional creditor negotiations. While progress continued, it appeared until the very end that the confirmation hearing might be contested, and the Attorneys therefore prepared for a contested confirmation hearing. The Attorneys' final efforts at negotiation finally resolved a formerly heated case among two unions and their funds, the factoring company, and a construction company for whom the Debtor had performed sub-contracting services before the petition for relief and against whom the Debtor's asserted account receivable constituted the Debtor's largest single asset and which construction company held the largest single (counter) claim against the Debtor.

4. In addition, the Attorneys performed various administrative tasks associated with Chapter 11, including amending the Debtor's Schedules, attending the Debtor's 2004 examination brought by a union creditor and its various funds regarding the original plan, and preparing and resolving a disputed fee petition concerning the Debtor's special litigation counsel against the aforementioned construction company. In addition, the Attorneys gave detailed advice to the Debtor intended to ensure its complete compliance with all of its obligations under Chapter 11 and otherwise fulfilled the tasks described in the application to employ them.

## § 2. Fee Requested

5. The Attorneys have expended 137.00 hours of time with a value of $57,185.00, for an average hourly rate of $417.41 representing the Debtor. The Attorneys made no charges for photocopies, travel, or any other expenses for which they might have made claims for reimbursement.

## § 4.  Additional General Information

6. This is the Attorneys' First and Final Fee Application in this case.

7. No agreement or understanding exists between the Attorneys and any other entity for a division of compensation and reimbursement to be received herein or in connection with this case.

8. Two legal professionals employed by the Attorneys performed services regarding this matter. A breakdown of each Attorney's hourly rate and the number or total hours expended thereby in providing legal services is as follows.

| PROFESSIONAL | TOTAL HOURS | FEES AT ATTORNEY RATE |
|---|---|---|
| Keevan D. Morgan | 118.00 @ 450.00/hr | 53,100.00 |
| Alanna G. Morgan | 19.00 @ 215.00/hr | 4,085.00 |
| TOTAL | 137.00 | 57,185.00 |

9. During the Application Period, every reasonable effort was made to have the services rendered to the Debtor performed by the qualified professional charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

10. The Attorneys submit that their services to the Debtor during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed and detailed herein.

11. The Attorneys maintain computerized records of the time expended by each Attorney. Such records are attached hereto as Exhibit A and are incorporated by reference (the "Billing Statements"). The Billing Statements set forth in detail the services which the Attorneys rendered on behalf of the Debtor, the dates those services were rendered, the nature of the services, the amount of time spent on each task, an the identity of each Attorney who performed such services. The Billing Statements have been edited for privilege purposes. A detailed synopsis of the Billing Statements appears in Section 7 below. The Attorneys keep additional records of their services provided but do not submit them by reason of the attorney/client and/or work product privileges.

### § 5. Standards for Compensation & Compliance Therewith

12. The Court may award a professional person employed under §327, such as the Attorneys, "reasonable compensation for actual, necessary services rendered." 11 U.S.C. §330(a)(1)(A.)

13. Pursuant to Section 330(a)(1)(A) of the Code the court may award, "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by such person, after notice to parties in interest and the United States Trustee and a hearing."

14. If the services of an attorney employed under §327 are reasonably likely to benefit a debtor's estate, they should be compensated. *In re Rite Way Reproductions*, 1998 Bankr. LEXIS 1080, 6, 1998 WL 559853 (Bankr. N.D. Ill. Aug. 27, 1998) (Squires, J). Factors to be considered in making an award for final fees include the economic impact of actions taken on the estate, as well as the twelve factors cited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 7. The twelve Johnson factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

15. The Court may also reimburse a professional person employed under §327 for actual and necessary expenses. Title 11 U.S.C. §330(a)(1)(B), albeit none are requested in this application.

16. The fees charged by the Attorneys are billed in accordance with the firm's customary billing rates in effect during the period for which compensation is sought. The rates charged by the Attorneys in this case are the same rates charged for professional services in comparable non bankruptcy cases, and in fact, based upon the Attorneys' experience, appear to be somewhat lower. Staffing was accomplished efficiently.

17. All professional services and costs were necessary and appropriate to the administration of this bankruptcy case.

18. The Attorneys have sent notice of this Application to all interested parties and the United States Trustee on 21 days notice. Under the circumstances of this case, wherein the Debtor will seek a final decree on the date of presentment hereof, it is in the interests of justice to hear this Application on the same date so that the Debtor may end its journey in Chapter 11.

19. After confirmation, the Attorneys also prepared the instant Fee Application, which is required under Title 11 for compensation of professionals retained by the Estate, but such compensation is not subject to approval by this Court as the services were not performed for the Debtor's estate.

20. The professional services described in this Application were necessary and appropriate to the administration of this bankruptcy case. The professional services performed were in the best interests of the creditors and parties in interest, and were provided without unnecessary duplication of effort or expense incurred by other professionals involved in the case. Compensation for the services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.

21. The professional services were performed expeditiously and efficiently. The Attorneys have exercised good faith in billing judgment, and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983).

22. The requested fees are reasonable. The Attorneys undertook the work with the good faith hope of reorganizing the Debtor and ensuring compensation for all creditors herein.

### 7. Categories & Details of Services Rendered

| Category Name | Description of Matter | Time Involved | Fees Requested |
|---|---|---|---|
| Admin.Employ.MB | Services related to the Attorneys' employment | 2.80 | 1,189.50 |
| Admin.Employ.Rome | Services related to the employment of James Rome | 1.40 | 630.00 |
| Admin.Fees.MB | Services related to the fees of Morgan & Bley, Ltd. | 1.70 | 2,520.00 |
| Admin.Fees.Rome | Services related to the fees of special counsel, James Rome | 3.40 | 1,530.00 |
| Admin.Reports | Services related to the Debtor's required monthly reports | .50 | 225.00 |
| Admin.Schedules | Services related to the Debtor's Schedules | .40 | 180.00 |
| Claim.150 | Services related to the Operators and Operators' Funds' claims | 14.60 | 6,570.00 |
| Claims.IRS | Services related to the claims of the IRS | 1.30 | 585.00 |
| Claims.Laborers | Services related to the Laborers and the Laborers' Funds claims | 1.20 | 540.00 |
| Claims.Miller | Services related to the claim of the Debtor's counsel | .30 | 135.00 |
| Claims.Plote | Services related to the claims of Plote Construction | 4.20 | 1,655.00 |

| Category Name | Description of Matter | Time Involved | Fees Requested |
|---|---|---|---|
| DIP | Services related to the Debtor's factoring its accounts receivable | 7.00 | 3,150.00 |
| DS | Services related to the Disclosure Statement | 6.60 | 2,970.00 |
| Operators.2004 | Services related to taking the Rule 2004 examination of representatives of the Operators and the Operators' Funds | 3.50 | 1,575.00 |
| Plan | Services related to the Debtor's Plan | 36.40 | 16,192.00 |
| Plan.2004 | Services related to the Operators' Rule 2004 examination of the Debtor | 3.90 | 1,755.00 |
| Plan.Ballots | Services related to the casting of ballots for various iterations of the Debtor's Plan and Ballot Reports | 2.00 | 900.00 |
| Plan.Con | Services related to obtaining confirmation of the Debtor's Plan | 15.40 | 6,695.00 |
| Plan.settlements | Services related to reaching a universal settlement of the claims of the Debtor's largest creditors | 7.70 | 3,465.00 |
| Plote.2004 | Services related to taking the Rule 2004 examination of Plote Construction | 18.80 | 4,723.50 |
| **TOTAL:** | | 133.10 | 57,185.00 |

### § 8. Services Rendered, Time Involved, and Compensation and Costs Requested

23.  The Attorneys represented the Debtor in this matter on an hourly basis, as set forth fully by **Exhibit A.** Consequently, the Attorneys respectfully request that this Honorable Court award $55,430.00 in fees.

24. It is expected that the Debtor will not have sufficient funds to pay the Attorneys' entire fee award all at one time and that the Attorneys will have to make reasonable accommodations as

Case 14-00748    Doc 287    Filed 02/11/15    Entered 02/11/15 10:10:38    Desc Main
              Document      Page 10 of 10

to the payment of any award, subject to their sole discretion in working with the Client. However, as provided in the Bankruptcy Code, the Attorneys are entitled to an award that is not contingent upon such accommodation or otherwise uncertain.

      WHEREFORE, Keevan D. Morgan and Alanna G. Morgan of Morgan & Bley, Ltd. apply to the Court for an award of fees in the total amount of $57,185.00 for Attorneys' Fees and for all other and further relief in their favor as this Court deems fair and just.

                          Keevan D. Morgan and Alanna G. Morgan

                          By: /s/ Keevan D. Morgan

Keevan D. Morgan ARDC No. 1958844
Alanna G. Morgan ARDC 6313539
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, IL 60607
312.243.0006